**Bobby ANDREWS, Plaintiff–Appellant,**

v.

**OFFICE OF THE PUBLIC DEFENDER FOR THE 13TH JUDICIAL DISTRICT, Defendant–Appellee.**

No. 01–6033.

United States Court of Appeals, Sixth Circuit.

July 31, 2002.

Before: SILER, COLE, and CLAY, Circuit Judges.

*ORDER*

Bobby Andrews appeals a district court judgment dismissing his civil rights complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, reinstatement, and injunctive relief, Andrews sued his former employer, the Office of the Public Defender for the 13th Judicial District (Tenn.) under the Age Discrimination in Employment Act, 42 U.S.C. § 1983, the Tennessee Human Rights Act, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Andrews subsequently amended his complaint to include the Public Defender (David N. Brady) as a defendant in his individual capacity. The district court granted the defendants' motion to dismiss all claims as to defendant Brady, and on all grounds except Andrews's Title VII claim of sex based discrimination against the Office of the Public Defender for the 13th Judicial District. Thereafter, the district court granted summary judgment in favor of the defendant. The district court concluded that Andrews could not show that a similarly situated employee received more favorable treatment. In addition, the court concluded that Andrews had not presented sufficient evidence to create a jury question as to whether the defendant's proffered reason for his discharge was a pretext for discrimination.

In his timely appeal, Andrews reasserts that the defendant discriminated against him on the basis of his gender.

This court reviews de novo a grant of summary judgment. *Brooks v. Am. Broad. Co.*, 999 F.2d 167, 174 (6th Cir. 1993). When reviewing a motion for summary judgment, we must draw all justifiable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Christian v. Belcher*, 888 F.2d 410, 413 (6th Cir.1989). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505,

91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, this court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon County*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000).

Upon review, we conclude that the defendant met its burden of showing an absence of genuine factual disputes from which a reasonable jury could return a verdict for Andrews. Accordingly, the district court's judgment is hereby affirmed for the reasons set forth in the court's comprehensive and well-reasoned memorandum of July 20, 2001.